UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HANNAH KIDWELL and BILLY
RAY KIDWELL,

     Plaintiffs,

v.                                Case No.:  2:21-cv-517-SPC-MRM

WALMART, INC., DOUG
MCMILLON, KAREN ROBERTS,
CHANEL BARGAUSEN, LARRY
COULTAS, BILL PRUMMEL, and
UNKNOWN CHARLOTTE
COUNTY SHERIFF'S DEPUTIES,

     Defendants.

_____/

## <u>OPINION AND ORDER</u>[1]

     Before the Court are Defendants' Motions to Dismiss, arguing in part that the Complaint is a shotgun pleading. (Docs. 44, 46). Although the motions were filed over two months ago, the Plaintiffs, who are proceeding pro se, did not respond. Plaintiffs were warned that the Court could deem the motions as unopposed based on their failure to respond and could dismiss the Complaint without further notice. (Doc. 52). But even without a motion, the Court could

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

issue a sua sponte finding that the Complaint is a shotgun pleading and allow Plaintiffs one chance to amend, which it does here.  Indeed, the Court has an obligation to do so.  *See Weiland v. Palm Beach Cnty. Sheriff's Ofc.*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015); *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021).

## BACKGROUND

Plaintiffs sue Walmart, its Chief Executive Office, its General Counsel, a store manager, a loss prevention officer, and the Charlotte County Sheriff for an incident that occurred at a Walmart in Port Charlotte when Billy Ray Kidwell was forced to leave the store because he placed his PTSD service dogs in the shopping cart.  Hannah is his daughter and caregiver.  He says that just days after suffering a Walmart-induced heart attack and spending 10 days in the intensive care unit, he returned to Walmart to shop when the incident occurred.  The Complaint brings four counts under 42 U.S.C. § 1983 for violating the First, Fifth, and Fourteenth Amendments, alleging that Defendants violated due process rights, falsified police reports, suborned perjury, concealed video of the incident, and obstructed justice.  (Doc. 1). Plaintiffs seek injunctive relief, damages, and $250 million in punitive damages.

## LEGAL STANDARD

Together, Rules 8 and 10 lay out the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Violations of these rules sometimes create shotgun pleading problems for everyone. *Weiland*, 792 F.3d at 1322-23. At bottom, shotgun complaints don't "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

To put it mildly, "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). They waste resources, broaden discovery, and ravage dockets. *Id.* If presented with a shotgun pleading, courts should order repleading. *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (criticizing district court for not policing shotgun pleadings).

There are four impermissible shotgun pleadings, three of which are here. The first is when "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321 (footnote omitted). The second is "replete with conclusory, vague, and

immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322 (footnote omitted). The third is a complaint that "assert[s] claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id.* at 1323.

## DISCUSSION

The Complaint is a textbook shotgun pleading. It contains four counts, three of which begin the same: "Plaintiff incorporates by reference all allegations set forth in paragraphs [] through [], above, as if fully set below." (Doc. 1 ¶¶ 142, 146, 150). So, each successive count carries the allegations from the other counts, and the final count combines the entire Complaint culminating with: "Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 149, above, as if fully set below." (Doc. 41 ¶ 172). This is a shotgun pleading and therefore violates the minimum pleading requirements. *See Kendall v. Boston Scientific Corp.*, No. 6:17-cv-1888-Orl-37GJK, 2017 WL 6042020, at *2 (M.D. Fla. Dec. 6, 2017).

Second, it is hard to determine which facts support which claims for relief as the Complaint includes facts not obviously connected to any claim, including Walmart's history of bribing government officials, endangering the public for dumping hazardous waste in Los Angeles and San Francisco, paying fines for violating the Foreign Corrupt Practices Act, inhumanely treating disabled employees, training Chinese for good Walmart jobs, and committing

crimes.  Finally, the Complaint contains profanity, which must be removed from the amended complaint.  If the amended complaint contains profanity, it will be stricken without further notice.

Third, the Complaint mixes claims against all Defendants without specifying which Defendant is responsible for which acts or omissions under each count.  It also isn't clear whether Billy Ray or Hannah are bringing the claims.  Indeed, each count states it is brought on behalf of a singular "Plaintiff."  But it isn't clear which Plaintiff.

"In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'" *Jackson v. Bank of Am.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (quoting *Vibe Micro*, 878 F.3d at 1295).  Accordingly, Plaintiffs will be given a chance to amend, **but if the amended complaint is a shotgun pleading, the Court will dismiss it on that basis alone**.  *See, e.g.*, *Weiland*, 792 F.3d at 1320 (explaining that the district court retains "inherent authority to control its docket and ensure the prompt resolution of lawsuits," including, under proper circumstances, "the power to dismiss a complaint for failure to comply with Rule 8(a)(2)"); *Jackson*, 898 F.3d at 1357 (stating that district courts retain the authority to dismiss a shotgun pleading on that basis alone).[2]

---

[2] Given this conclusion, it is unnecessary to reach Defendants' other contentions right now, particularly since Plaintiffs did not respond.  Of course, Defendants may reraise any issues

Accordingly, it is now

**ORDERED:**

1. Defendants' Motions to Dismiss (Docs. 44, 46) are **GRANTED** to the limited extent that the Complaint (Doc. 1) is a shotgun pleading.

2. The Complaint is dismissed without prejudice.  Plaintiff may file an amended complaint consistent with this Opinion and Order **by February 17, 2022.  Failure to do so will cause the closure of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on January 31, 2022.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record

---

still relevant after repleading.  Plaintiffs should respond to any future motions to dismiss, or the Court will treat them as unopposed.